UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KATHALEENA KAUFMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 1:14-cv-01677-TWP-MJD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Motion for Relief Pursuant to
28 U.S.C. § 2255 and Denying Certificate of Appealability**

This matter is before the Court on the Motion to Vacate, Set Aside or Correct Sentence filed by Petitioner Kathleena Kaufman ("Ms. Kaufman"). Having examined the pleadings and reviewed the records in the underlying criminal action, and being duly advised, the Court finds that Ms. Kaufman's Motion for relief pursuant to 28 U.S.C. § 2255 must be **DENIED**. In addition, the Court finds that a certificate of appealability should not be issued. These conclusions are based on the following facts and circumstances:

1.      Ms. Kaufman was charged in Case No. 1:12-cr-212-TWP-TAB-02 with three drug offenses involving 50 grams or more of actual methamphetamine.

2.      On January 28, 2014, Ms. Kaufman filed a Petition to Enter a Plea of Guilty. In that document, she represented that she had received a copy of the Indictment and had read and discussed it with her attorney, that her attorney was fully informed of the facts and circumstances of this case and had informed, counseled and advised her as to the nature and cause of every accusation and possible defenses in this case. The Petition also recited that her attorney had advised her of the punishment, that she believed her attorney had done all that anyone could do to counsel and assist and that she understood the proceedings in her case. Ms. Kaufman stated in the Petition

that she made no claim of innocence and that her plea of guilty was voluntary and of her own accord. On that same date, Plea Agreement pursuant to *Federal Rules of Criminal Procedure* 11(c)(1)(A) and (C) was filed. The Plea Agreement provided that Ms. Kaufman would plead guilty to Count 1 of the Indictment, which charged Ms. Kaufman with conspiring to possess with the intent to distribute, and to distribute 50 grams or more of a mixture or substance containing methamphetamine, a Schedule II Non-Narcotic Controlled Substance, in violation of 21 U.S.C. § 841(a)(1). The Plea Agreement further provided that: 1) Ms. Kaufman agreed to an executed sentence of 96 months—this is specified in paragraph 7 of the Plea Agreement; 2) the Court would determine what is the appropriate fine and term of supervised release; 3) if the Court rejected the Plea Agreement, Ms. Kaufman could then withdraw her plea of guilty; 4) the United States would move to dismiss the two substantive counts with which Ms. Kaufman was charged and would refrain from filing a sentence-enhancing Information pursuant to 21 U.S.C. § 851; and 5) Ms. Kaufman "expressly waive[d] her right to appeal the conviction and any sentence imposed in this case on ground, . . . [and] expressly agree[d] not to contest her conviction or sentence, or seek to modify her sentence or the manner in which it was determined in any type of proceeding, including, but not limited to, an action brought under 28 U.S.C. § 2255."

3.     The Court accepted the referenced Plea Agreement and found Ms. Kaufman's plea of guilty to be knowing and voluntary. Ms. Kaufman was sentenced on April 24, 2014 to 96 months imprisonment.

4.     No direct appeal was filed, but six months after she was sentenced Ms. Kaufman filed this action for relief pursuant to 28 U.S.C. § 2255. She claims that her attorney was ineffective and that her sentence was incorrect.

5.      The United States argues that the waiver provision of the Plea Agreement bars the § 2255 action.

6.      The Seventh Circuit has recognized the validity of waivers such as that included in the plea agreement in this case. "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States,* 657 F.3d 675, 681 (7th Cir. 2011). Such waivers are upheld and enforced with limited exceptions in cases in which 1) "the plea agreement was involuntary," 2) "the district court relied on a constitutionally impermissible factor (such as race)," 3) "the sentence exceeded the statutory maximum," or 4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.* (internal quotations omitted); *see also Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir. 2000) (because the ineffective assistance of counsel challenge relating to sentencing had nothing to do with the issue of deficient negotiation of the waiver, the petitioner waived his right to seek post-conviction relief); *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir. 1999) ("waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver").

7.      In *Mason,* 211 F.3d at 1069, the court suggested the following analysis in determining whether a claim has been waived: "[C]an the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?" *Id.*

8.      Ms. Kaufman has not shown that her plea was not knowingly and voluntarily made. The court found:

> Ms. Kaufman is fully competent and capable of entering an informed plea, that she is aware of the nature of the charges and the consequences of the plea, that the plea

of guilty is knowing and voluntary, that it is supported by an independent basis in fact, which contains each of the essential elements of the offense.

The Plea Agreement pursuant to Fed. Rule of Crim. Procedure 11(c)(1)(C) sets forth the precise executed sentence which would be imposed, if the Court accepted the plea. Ms. Kaufman could have had no doubt concerning the disposition of the charges she was facing. Any contention otherwise is refuted by the record. *United States v. Bradley*, 248 F.3d 1160 (7th Cir. 2000). The record binds Ms. Kaufman and demonstrates that there is no merit to her challenge to the conviction based on his plea of guilty. "The presumption of verity [of a defendant's statements in pleading guilty] is overcome only if the defendant satisfies a heavy burden of persuasion." *United States v. Logan,* 244 F.3d 553, 558 (7th Cir. 2001) (internal quotation omitted). Ms. Kaufman has not met that burden. There is no other circumstance suggesting that the plea provision could or should not be enforced.

10.     The foregoing circumstances show that the waiver provision of the Plea Agreement is enforceable. Because Ms. Kaufman's plea was informed and voluntary, the waiver of her right to appeal or to file a § 2255 petition "must be enforced." *Nunez v. United States,* 546 F.3d 450, 453 (7th Cir. 2008). Similarly, she expressed satisfaction with her attorney's representation and the voluntary plea prevents her from asserting constitutional violations that occurred prior to the entry of the plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *Lefkowitz v. Newsome*, 420 U.S. 283, 288 (1975)("[T]he general rule [is] that a guilty plea, intelligently and voluntarily made, bars the later assertion of constitutional challenges to the pretrial proceedings.").

### C. Conclusion

Ms. Kaufman's motion for relief pursuant to 28 U.S.C. § 2255 fails to show that her conviction has been entered in violation of the Constitution or laws of the United States. That motion is therefore **DENIED**.

Judgment consistent with this Entry shall now issue.

This Entry and the accompanying Judgment shall be docketed in the underlying criminal action.

### II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings,* and 28 U.S.C. § 2253(c), the court finds that Ms. Kaufman has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date:  6/22/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

KATHALEENA KAUFMAN
11053-028
ALDERSON FEDERAL PRISON CAMP
Inmate Mail/Parcels
GLEN RAY RD. BOX A
ALDERSON, WV 24910